IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRANDIN L. SOUDOM,            )
                              )
             Petitioner,      )
     v.                       )   Case No. 25-3063-JWL
                              )
WARDEN, FCI-Leavenworth,      )
                              )
             Respondent.      )
                              )
_____)

### **MEMORANDUM AND ORDER**

Petitioner, an alien being detained pending removal, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he seeks his release. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of South Africa who entered the United States in 1999. Petitioner remained in this country beyond the authorized period (which ended in 2003), and in 2015, immigration authorities initiated proceedings for his removal. He was eventually released, but after he failed to attend a hearing as required in 2017, his removal was ordered. On October 8, 2024, immigration officials took petitioner into custody, and his detention was continued after 90-day and 180-day reviews. Petitioner is presently in custody within this judicial district. Respondent has filed a response to the petition, and petitioner has filed a traverse, and the petition is therefore ripe for ruling.

By his habeas petition, petitioner challenges his continued detention for more than six months, and he seeks immediate release. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties

of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that although an alien may not be detained indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *See id*. at 699-701. The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *See id.* at 701.

Petitioner argues that his detention is no longer reasonable under the *Zadvydas* standard.[1] Petitioner notes that immigration officials' efforts to remove him have been unsuccessful to date. Petitioner particularly relies on a letter to immigration officials, dated November 7, 2024, in which the South African Embassy stated as follows:

> The letters serve to acknowledge receipt of the letter dated 28 October 2024, requesting the travel document on behalf of the detainee [petitioner].
>
> The application for Emergency Travel Document of [petitioner] has not been approved because he does not have a South Africa Identity Document.
>
> Mr. Soudom was supposed to apply for the Identity Book at age Sixteen, the process that could help to have biometrics of his Identity in the South African population register for citizen [*sic*].

---

[1] In his traverse, petitioner also asks the Court to "revisit" *Zadvydas*, but of course this Court must apply precedent from the Supreme Court.

> Therefore, Mr. Soudom does not appear in the South African population register. He needs to complete the forms (all the questions must be answered) and assist him [*sic*] to take fingerprints. It is impossible for him to get the approval to travel to South Africa until the ID Book is issued for confirmation of his citizenship.

Petitioner notes that he was living in the United States when he turned 16 and thus could not have applied to be in the Identity Book referenced in this letter; and he argues that the letter confirms that it is "impossible" for him to be approved for travel to South Africa in light of that fact.

The Court concludes, however, that petitioner has failed to meet his burden under *Zadvydas* to show that there is no significant likelihood of removal in the reasonably foreseeable future. The letter on which petitioner relies does not foreclose the possibility of his removal to South Africa; rather it states only that approval is impossible until the Identity Book is updated to include him, and it suggests that that might be accomplished if certain steps are completed (filling out forms and taking fingerprints). Moreover, petitioner's assertion that South Africa is "closed" because of the political climate is not supported by evidence or explanation. Petitioner is left only with the fact that his removal has not yet been effected, and that fact does not establish that there is no significant likelihood of removal in the reasonably foreseeable future after less than eight months of detention.

Moreover, even if petitioner had met his burden, the Court would conclude that respondent has sufficiently rebutted the showing by petitioner. Respondent has submitted evidence that immigration officials have diligently sought the necessary travel documentation for petitioner from South Africa since his detention in October 2024.

Specifically, officials have made multiple requests to South Africa for the travel documentation, including twice submitting petitioner's fingerprints, and they have continued to check with South Africa about the status of their requests. South Africa has informed officials that verification of identity may take a minimum of six months to accomplish, but that process started in December 2024. Thus, there remains a significant likelihood of petitioner's removal in the reasonably foreseeable future. The Court therefore denies the petition.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of May, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge